UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ZOE S.,[1]

        Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:20-cv-01029-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Zoe S. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g). For the reasons set forth below, that decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

**PROCEDURAL HISTORY**

    Plaintiff protectively filed for SSI on October 24, 2017. She initially alleged disability beginning on July 1, 2012, but amended the onset date to November 16, 2017. Her application

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

was initially denied on January 8, 2018, and upon reconsideration on May 5, 2018.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on July 23, 2019.  The ALJ issued a decision on August 13, 2019, finding plaintiff not disabled within the meaning of the Act.  The Appeals Council denied plaintiff's request for review on April 30, 2020.  Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court.  20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'"  *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).  This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 24, 2017. At step two, the ALJ determined plaintiff suffered from the following severe impairments: fibromyalgia; right shoulder bursitis/tendinopathy/ impingement; anxiety disorder; major depressive disorder, recurrent without psychosis; PTSD; personality disorder, not otherwise specified, cluster B (20 CFR 416.920(C)).

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined she could "perform sedentary work as defined in 20 CFR 416.967(a). The claimant can occasionally, but not frequently, push and pull. The claimant can never climb ladders, ropes, and scaffolds. The claimant can never crawl. The claimant can never reach overhead with the dominant right upper extremity. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks consistent with a reasoning level of 2 and unskilled work as defined by the Dictionary of Occupational Titles."

At step four, the ALJ found plaintiff has no past relevant work. At step five, the ALJ found that—considering plaintiff's age, education, work experience, and residual functional capacity—there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including addresser, cutter paster, and patcher. Thus, the ALJ concluded that plaintiff was not disabled.

## DISCUSSION

I.  **Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc.*

*Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, when coupled with another permissible reason, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony. *Tatyana K. v. Berryhill*, No. 3:17-cv-01816-AC, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004)).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff contends the ALJ did not "identify or address, most, if not all, of [her] specific testimony." Pl. Br. 13. In particular, plaintiff contends the ALJ did not specifically address her claims that the effects of her medication contribute to her fatigue, that she has more bad days than good days, or that she spends most of the day in bed or on the couch.[2] This is not error;

---

[2] This testimony, in fact, was elicited by the ALJ in his questioning to plaintiff. Tr. 49-50.

5 – OPINION AND ORDER

allthough the ALJ did not state it in the same terms, the ALJ indeed recognized that plaintiff "alleged widespread pain [and] fatigue" and "that her conditions have affected every aspect of her exertional, postural, and manipulative functioning." Tr. 18.

Furthermore, the ALJ explained which evidence contradicted plaintiff's claims. The ALJ noted that "[a]t the same time, the claimant can perform light activities such as laundry folding, watering the plants, and light sweeping every other day," "[s]he drives short distances, for example, to medical appointments or to the store," she "also exercises regularly," and she "has participated in Community Theater, including some rehearsals, and two performances." Tr. 18. Plaintiff complains the ALJ omitted mention of her testimony that she could do only 15 to 20 minutes of household chores while taking breaks, or that she had to take additional medication to get through rehearsals, crashed after rehearsals, and missed rehearsals due to pain. But ALJs are not "required to mention explicitly . . . each detail of [the claimant's] testimony." *Young v. Saul*, 845 F. App'x 518, 519 (9th Cir. 2021); *see also Lambert*, 980 F.3d at 1277 (recognizing that Ninth Circuit "cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits"). Moreover, the ALJ recognized that while plaintiff engaged in these activities, she had limitations—the ALJ observed that plaintiff could engage in only *light* activities *every other day*, she drove *short* distances, and she performed in *some* rehearsals. The ALJ also recognized that plaintiff's "function report details [her] inability or difficulty performing personal care activities due to pain." As such, the ALJ imposed more restrictive limitations than the state agency consultants recommended, finding, for example that plaintiff's "fibromyalgia causes cases flares or pain, multiple tender points throughout her body, chronic fatigue, and stiffness, all of which support a greater degree of exertional limitation." Tr. 19.

6 – OPINION AND ORDER

The ALJ erred, however, in failing to state specific, clear and convincing reasons to discredit plaintiff's testimony. The ALJ found plaintiff's complaints were inconsistent with the objective medical record. *See*, *e.g.*, Tr. 18-19 (observing that "many physical examinations have been normal," her provider noted she was "doing well" and "felt less burdened with pain," there were "improvements in tenderness, fatigue, neck and back pain, and . . . stable myalgia and arthralgia," and she had a normal diagnostic arthroscopy). But, as noted, this cannot be the sole reason for discounting plaintiff's testimony.

The ALJ also observed that plaintiff's pain was controlled with anti-inflammatories, analgesics, exercise, and physical therapy, and after a normal arthroscopy, her surgeon performed no additional work. Tr. 19. Conservative treatment is a clear and convincing reason to discount a claimant's subjective symptom testimony. But, here, the ALJ failed to mention that plaintiff was prescribed multiple, daily doses of tramadol, an opioid, which she described was the only medication that worked for her (Tr. 328) and which she had taken for years.[3] *See* Tr. 750 (describing tramadol use six times per day for pain); Tr 766 (describing tramadol use up to four times per day); Tr. 771 (tramadol prescription of two 50 mg tablets three times a day as needed); Tr. 1064 (indicating tramadol prescription since 2013); *see also Janet S. v. Comm'r of Soc. Sec. Admin.*, No. ED CV 19-1466-E, 2020 WL 1140765, at *6 (C.D. Cal. Mar. 9, 2020) ("[I]it is doubtful Plaintiff's treatment with narcotic pain medications (Norco and Tramadol) may properly be characterized as 'minimal' or 'conservative' within the meaning of Ninth Circuit jurisprudence.") (citing *Shepard v. Colvin*, No. 1:14-cv;-1166-SMS, 2015 WL 9490094, at *7 (E.D. Cal. Dec. 30, 2015) ("[p]rior cases in the Ninth Circuit have found that treatment

---

[3] Plaintiff began experiencing pain following brain surgery for trigeminal neuralgia in 2012. Tr. 370.

7 – OPINION AND ORDER

was conservative when the claimant's pain was adequately treated with over-the-counter medication and other minimal treatment," however where record reflected heavy reliance on Tramadol and Oxycodone and other prescriptions for pain, record did not support finding that treatment was "conservative"). At one point, plaintiff's pain was so bad, she became suicidal and was admitted to the hospital. Tr. 688; *see* Tr. 689 (observing most of plaintiff's depression "seems to be related to her chronic pain").[4] Plaintiff described the pain as "near crippling," and plaintiff's doctor put her on a five-day course of Oxycodone to stop help break the pain-depression cycle. Tr. 703, 707.

The ALJ did not clearly indicate that he was relying on any other reason to discount plaintiff's testimony, such as her activities of daily living. An ALJ may invoke activities of daily living in the context of discrediting subjective symptom testimony to (1) illustrate a contradiction in previous testimony, or (2) demonstrate that the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ mentioned plaintiff's "light activities," but did not explain how they contradicted her testimony or met the threshold for transferable work skills. Because the ALJ failed to provide specific, clear and convincing reasons to discount plaintiff's subjective symptom testimony, this was error.

## II.   Dr. Samir Ale's Opinion

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title XVI claims. *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to*

---

[4] This was not plaintiff's first hospitalization. She had a history of depression for several years, including cutting behavior when she was a teenager. She reported that she was sexually abused by one of her mother's boyfriends and raped in college. Plaintiff's sister and maternal aunt were diagnosed with bipolar disorder, and her maternal uncle died by suicide.

8 – OPINION AND ORDER

*Rules*), 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017).  Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive."  20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).  To that end, controlling weight is no longer given to any medical opinion.  *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."  20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5).  The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process.  20 C.F.R. §§ 404.1520c(c), 416.920c(c).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain how the ALJ considered the supportability and consistency factors.  20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020).  "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020).  However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue

9 – OPINION AND ORDER

are equally supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

The ALJ found Dr. Samir Ale's opinion was unpersuasive because it was inconsistent with the record and the limitations far exceed what the evidence supports. Tr. 19. The ALJ observed that Dr. Ale repeatedly noted plaintiff was "doing well," had adequate pain control, was "less burdened by pain," and "experienced improvements in tenderness, fatigue, neck pain, and back pain, and had stabilized myalgia and arthralgia." Tr. 19. But, in evaluating Dr. Ale's opinion, the ALJ did not mention that Dr. Ale repeatedly prescribed multiple, daily doses of tramadol for plaintiff and increased the dosage from 50 mg to 100 mg. Tr. 522, 703. He also did not address the episode of "near crippling" pain that plaintiff suffered in 2018, which led to her hospitalization followed by Dr. Ale's intensive five-day treatment with oxycodone to help break the pain-depression cycle. Tr. 703. The failure to address this important evidence was error. *See Jacob T. v. Saul*, Case No. 19-cv-01151-SB, 2020 WL 4451163, at *4 (D. Or. Aug. 3, 2020) ("An ALJ errs when she considers evidence . . . selectively, and ignores evidence that contradicts her findings.").

**III.    Credit-as-True Analysis**

When a court determines the Commissioner erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or

without remanding the cause for a rehearing." *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021.

Here, the first requisite of the *Garrison* test is met. As discussed above, the ALJ improperly rejected plaintiff's subjective symptom testimony and Dr. Ale's opinion. However, the record, as a whole creates serious doubt as to whether plaintiff is disabled. *See, e.g.* Tr. 516 (describing improved myalgias, and arthralgias); Tr. 524 (describing no myalgias and no arthralgias); Tr. 527 (describing plaintiff's pain control as stable); Tr. 697 (describing plaintiff's pain control as adequate and improving). Therefore, this case must be remanded for further proceedings rather than the award of benefits.

## ORDER

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED January 3, 2023.

/s/ Youlee Yim You<br>
Youlee Yim You<br>
United States Magistrate Judge

11 – OPINION AND ORDER